IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

BOARD OF TRUSTEES,                       )
SHEET METALWORKERS' NATIONAL )
PENSION FUND, *et al.*,                     )
                                         )
            Plaintiffs,                   )
                                         )
    v.                                   )        Civil Action No. 1:15cv1285 (GBL/JFA)
                                         )
EFFICIENT BUILDING                       )
SERVICES, LLC, *et al.*,                    )
                                         )
            Defendants.                   )
_____ )

## PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

This matter is before the court on plaintiffs' motion for default judgment pursuant to

Federal Rule of Civil Procedure 55(b)(2). (Docket no. 11). Plaintiffs are the Board of Trustees

of the Sheet Metal Workers' National Pension Fund ("NPF"), the Board of Trustees of the Sheet

Metal Workers' National Supplemental Savings Plan ("NSSP"), the Board of Trustees of the

International Training Institute for the Sheet Metal and Air Conditioning Industry ("ITI"), the

Board of Trustees for the National Energy Management Institute Committee ("NEMIC"), the

Board of Trustees of the Sheet Metal Occupational Health Institute Trust ("SMOHIT"), the

Board of Trustees of the Sheet Metal Workers' International Association Scholarship Fund

("SMWIASF"), and the Board of Trustees of the National Stabilization Agreement of the Sheet

Metal Industry Trust Fund ("SASMI"), and they seek a default judgment against Efficient

Building Services, LLC ("EBS") and Gary Atz ("Atz"). Pursuant to 28 U.S.C. § 636(b)(1)(C),

the undersigned magistrate judge is filing with the court his proposed findings of fact and

recommendations, a copy of which will be provided to all parties.

1

## **Procedural Background**

On October 2, 2015, the plaintiffs filed an initial complaint (Docket no. 1) and on

October 7, 2015, they filed an amended complaint (Docket no. 3) against EBS, Atz, and

Lawrence Vann ("Vann").[1]  In the amended complaint, the plaintiffs claim that EBS is obligated

to pay them for certain overdue contributions, liquidated damages, interest, and attorney's fees

and costs. (Docket no. 3).  The amended complaint also asserts a claim against Atz for

employee contributions owed to the NSSP.  (*Id.*).  A summons was served on Atz as the

registered agent for EBS on October 7, 2015. (Docket no. 5).  A summons and amended

complaint were served on Atz in his personal capacity on October 17, 2015. (Docket no. 7).  In

accordance with Federal Rule of Civil Procedure 12(a), a responsive pleading was due on

October 28, 2015 and November 9, 2015 for EBS and Atz, respectively, which is 21 days after

they were served with the summons and complaint and amended complaint.

Neither EBS nor Atz have filed a responsive pleading.  On December 3, 2015, the

plaintiffs filed their request for entry of default. (Docket no. 9).  The Clerk of Court entered

default against EBS and Atz pursuant to Federal Rule of Civil Procedure 55(a) on December 8,

2015. (Docket no. 10).  On April 15, 2016, the plaintiffs filed a motion for default judgment

with a supporting memorandum and declarations from Diana Bardes and Cari Greene, and a

notice of hearing for May 13, 2016 at 10:00 a.m. (Docket nos. 11–13).  The motion for default

judgment, supporting memorandum, declarations, and notice of hearing were served on EBS

and Atz by first-class mail on April 15, 2016.  (*Id.*).  On May 13, 2016, counsel for the plaintiffs

appeared at the hearing on the motion for default judgment and no one appeared on behalf of

---

[1] On May 17, 2016, the plaintiffs filed a notice of voluntary dismissal of all claims against Vann
(Docket no. 17) and Vann was dismissed from this action on May 19, 2016 (Docket no. 18).
Accordingly, the claim against Vann and the response that he filed (Docket no. 14) will not be
addressed in these proposed findings of fact and recommendations.

EBS or Atz. Following the hearing on May 13, 2016, plaintiffs filed an affidavit in compliance with the Servicemembers Civil Relief Act indicating that Atz is not in military service. (Docket no. 16).

## Factual Background

The following facts are established by the amended complaint (Docket no. 3)[2], the motion for default judgment (Docket no. 11), and the memorandum and declarations filed in support of the motion for default judgment (Docket no. 12).

NPF is the collective name of the trustees of the Sheet Metal Workers' National Pension Fund, a trust established under 29 U.S.C. § 186(c)(5). (Compl. ¶ 5). The trustees are fiduciaries within the meaning of 29 U.S.C. § 1002(21)(A) of an employee pension benefit and a multiemployer plan within the meaning of 29 U.S.C. §§ 1002(2), (3), and (37)(A). (*Id.*). The NPF is administered in Fairfax, Virginia. (*Id.*).

ITI is the collective name of the trustees of the International Training Institute for the Sheet Metal and Air Conditioning Industry, a trust established under 29 U.S.C. § 186(c)(5). (Compl. ¶ 6). The trustees are fiduciaries within the meaning of 29 U.S.C. § 1002(21)(A) of an employee welfare benefit plan and a multiemployer plan within the meaning of 29 U.S.C. §§ 1002(2), (3), and (37)(A). (*Id.*). The ITI is administered in Fairfax, Virginia. (*Id.*).

SASMI is the collective name of the trustees of the National Stabilization Agreement of the Sheet Metal Industry Trust Fund, a trust established under 29 U.S.C. § 186(c)(5). (Compl. ¶ 7). The trustees are fiduciaries within the meaning of 29 U.S.C. § 1002(21)(A) of an employee welfare benefit plan and a multiemployer plan within the meaning of 29 U.S.C. §§ 1002(2), (3), and (37)(A). (*Id.*). The SASMI is administered in Fairfax, Virginia. (*Id.*).

---

[2] The amended complaint will be cited as "Compl. ¶ _".

SMWIASF is the collective name of the trustees of the Sheet Metal Workers' International Association Scholarship Fund, a trust established under 29 U.S.C. § 186(c)(5). (Compl. ¶ 8). The trustees are fiduciaries within the meaning of 29 U.S.C. § 1002(21)(A) of an employee welfare benefit plan and a multiemployer plan within the meaning of 29 U.S.C. §§ 1002(2), (3), and (37)(A). (*Id.*). The SMWIASF is administered in Fairfax, Virginia. (*Id.*).

NSSP is the collective name of the trustees of the National Supplemental Savings Plan, a trust established under 29 U.S.C. § 186(c)(5). (Compl. ¶ 9). The trustees are fiduciaries within the meaning of 29 U.S.C. § 1002(21)(A) of an employee pension benefit plan and a multiemployer plan within the meaning of 29 U.S.C. §§ 1002(2), (3), and (37)(A). (*Id.*). The NSSP is administered in Fairfax, Virginia. (*Id.*).

NEMIC is the collective name of the trustees of the National Energy Management Institute Committee, a labor management committee established pursuant to the Labor Management Cooperation Act of 1978 and 29 U.S.C. § 186(c)(9) that is funded by contributions under collective bargaining agreements. (Compl. ¶ 10). NEMIC is administered in Fairfax, Virginia. (*Id.*).

SMOHIT is the collective name of the trustees of the Sheet Metal Occupational Health Institute Trust, a labor-management health and safety organization serving the sheet metal industry established under 29 U.S.C. § 186(c)(9). (Compl. ¶ 11). SMOHIT is administered in Fairfax, Virginia. (*Id.*).

EBS is a limit liability company formed under the laws of Georgia with its principal place of business in Georgia. (Compl. ¶ 13). EBS is an employer in an industry affecting commerce as defined by 29 U.S.C. § 152(2) and 29 U.S.C. § 1002(5), (11), and (12). (*Id.*). Atz is a 50% owner of EBS and is a resident of Georgia. (Compl. ¶ 15). EBS employs employees

4

represented for the purposes of collective bargaining by the International Association of Sheet
Metal, Air, Rail and Transportation Workers f/k/a Sheet Metal Workers' International
Association, Local Union No. 85, a labor organization representing employees in an industry
affecting interstate commerce (collectively, the "Union"). (Compl. ¶ 16). EBS was a signatory
to and bound by the terms and conditions of a collective bargaining agreement with the Union
(the "Labor Contract"). (Compl. ¶ 17).

Pursuant to Article VIII, Sections 11 and 12 of the Labor Contract, EBS is obligated to
submit monthly remittance reports and fringe benefit contributions ("employer contributions")
to NPF, ITI, SASMI, NEMIC, SMOHIT, and SMWIASF for all hours worked or paid on behalf
of EBS's covered employees within the jurisdiction of the Union. (Compl. ¶ 18). Article VIII,
Section 11(J) of the Labor Contract requires EBS to withhold amounts from wages of covered
employees – at the employees' election and in amounts that vary by individual ("employee
contributions") – and to remit such employee contributions to the NSSP. (Compl. ¶ 19). The
Labor Contract requires these employee contributions be remitted in the same manner as the
employer contributions to all the funds. (*Id.*). Employee contributions withheld from employee
wages are to be remitted to NSSP no later than the 15th business day of the month following the
month in which the participant contribution is received by the employer, and if they are not
remitted timely, they become assets of NSSP. (Compl. ¶ 20). Pursuant to Article VIII, Section
12(B) of the Labor Contract, EBS is obligated to abide by the terms and conditions of the Trust
Agreements establishing the respective funds. (Compl. ¶ 21). Payments due to the funds are
calculated separately on remittance reports to be prepared monthly by each employer and
submitted to the funds no later than the twentieth (20th) day after the end of each month during
which covered work was performed. (Compl. ¶¶ 22, 24).

Under the provisions contained in the Labor Contract and 29 U.S.C. §§ 1132 and 1145, in the event EBS fails to timely submit the required remittance reports and contribution payments, and a lawsuit is filed by the funds to recover the unpaid contributions, EBS is required to pay the plaintiffs interest on any delinquent contributions at a rate of 0.0233% per day compounded daily; liquidated damages of twenty percent (20%) of the contributions that were unpaid on the date the lawsuit was filed; and the attorney's fees and costs incurred by the plaintiffs in pursuing delinquent amounts. (Compl. ¶ 25).

In Count I of the complaint, for EBS's violation of 29 U.S.C. §§ 1132(a)(3) and 1145, NPF, ITI, NEMIC, SMOHIT, SMWIASF, and SASMI seek a judgment in the amount of $6,677.76 in unpaid contributions during the period from March 2015 through May 2015, and an estimated amount of $2,417.55 for unpaid contributions for the months of June 2015 through August 2015. (Compl. ¶¶ 32, 33). Those plaintiffs also claim they are entitled to interest on the unpaid contributions and liquidated damages. (*Id.*). NSSP also alleges that EBS failed to remit employee contributions to NSSP for June 2015 through August 2015, but that those amounts cannot be estimated based on prior reports because the amounts vary based on the employees' requests. (Compl. ¶ 33).

In Count III of the complaint, NSSP alleges that Atz exercises discretionary control over the assets held by EBS, including the unremitted employee contributions. (Compl. ¶ 44). NSSP asserts that since the employee contributions withheld from the employees' wages were not submitted to NSSP within the time period required by law, they have become an asset of NSSP, and since Atz exercises discretionary control over those assets, he is a fiduciary to NSSP with respect to those assets within the meaning of ERISA, 29 U.S.C. § 1002(21)(A). (*Id.*). NSSP claims that Atz is personally liable for the breaches of fiduciary responsibility, including the

6

unremitted employee contributions of $1,452.22 based on reports from EBS, the contributions withheld during the months of June 2015 through August 2015 that are unknown because remittance reports were not provided, plus interest and liquidated damages. (Compl. ¶ 45).

In the motion for default judgment, the plaintiffs state that they are owed the amounts as detailed below under Count I. (Docket no. 12-2 at 99).

| *Plaintiff* | *Contributions* | *Interest through 4/11/2016* | *Liquidated Damages* | *Total* |
|---|---|---|---|---|
| NPF | $2,794.61 | $205.12 | $558.92 | $3,558.65 |
| NSSP | $1,452.22 | $116.28 | $290.44 | $1,858.94 |
| ITI | $404.04 | $29.66 | $80.81 | $514.51 |
| NEMIC | $101.01 | $7.39 | $20.20 | $128.60 |
| SMOHIT | $67.34 | $4.95 | $13.47 | $85.76 |
| SMWIASF | $33.67 | $2.47 | $6.74 | $42.88 |
| SASMI | $4,242.42 | $311.41 | $848.49 | $5,402.32 |
| **Total** | $9,095.31 | $677.28 | $1,819.07 | $11,591.66 |

In the motion for default judgment, NSSP states that it is also entitled to a judgment against Atz under Count III in the amount of $1,858.94, including $1,452.22 in unpaid contributions, $116.28 in interest through April 11, 2016, and $290.44 in liquidated damages.

Plaintiffs also seek an award of $10,723.50 in attorney's fees and costs in their motion for default judgment. (Docket no. 11). In support of that request, the plaintiffs have submitted a declaration from Diana Bardes detailing the attorney's fees ($9,672.00) and costs ($1,051.50) incurred in drafting demand letters, drafting and filing the complaint, arranging for service of process, researching EBS's ability to pay, and drafting the motion for default judgment and supporting documents. (Docket no. 12-1).

7

## Proposed Findings and Recommendations

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." The court must have both subject matter and personal jurisdiction over a defaulting party before it can render a default judgment.

A defendant in default admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim."). Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that a court may conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter.

## Jurisdiction and Venue

The plaintiffs allege that this court has subject matter jurisdiction under section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132. (Compl. ¶ 1). Section 502 provides that the district courts of the United States have jurisdiction over civil actions brought under ERISA. This case is properly before the court under its federal question jurisdiction pursuant to 29 U.S.C. § 1132(e) because it is brought under ERISA for an alleged failure to make contributions in accordance with a collective bargaining agreement or multiemployer plan. The plaintiffs further allege that this court has subject matter jurisdiction under section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. (Compl. ¶ 1). That section provides that United States district courts have jurisdiction over suits

for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce. This case is also properly before the court pursuant to 29 U.S.C. § 185(a) because it is brought under the LMRA for violation of a contract between an employer and a labor organization.

Section 502 states that an action under ERISA may be brought in the "district where the plan is administered" and "process may be served in any other district where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). The plaintiffs state that the respective funds are administered in Fairfax, Virginia. (Compl. ¶ 3). On October 7, 2015, the summons and complaint were served on the registered agent of EBS and on October 17, 2015, the summons and amended complaint were served on Atz. (Docket nos. 5, 8). Venue is proper in this court and this court has personal jurisdiction over the defendants since the respective funds are administered within the Alexandria Division of the Eastern District of Virginia. *See Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. McD Metals, Inc.*, 964 F. Supp. 1040 (E.D. Va. 1997) (personal jurisdiction in an ERISA action should be determined on the basis of the defendant's national contacts with the United States pursuant to the Due Process Clause of the Fifth Amendment and ERISA itself provides for nationwide service of process).

For these reasons, the undersigned magistrate judge recommends a finding that this court has subject matter jurisdiction over this action, that the court has personal jurisdiction over the defendants, and that venue is proper in this court.

### Grounds for Entry of Default

The summons and complaint were served on EBS on October 7, 2015 and on Atz on October 17, 2015. (Docket nos. 5, 8). Under Federal Rule of Civil Procedure 12(a), responsive pleadings were due on October 28, 2015 and November 9, 2015, which is 21 days after service

of process on the defendants. After the defendants failed to file an answer or responsive pleading in a timely manner, the plaintiffs requested an entry of default on December 3, 2015. (Docket no. 9). The Clerk of Court entered a default on December 8, 2015. (Docket no. 10).

The undersigned magistrate judge recommends a finding that the defendants were served properly, that they failed to file a responsive pleading in a timely manner, and that the Clerk of Court properly entered a default as to the defendants.

### Liability and Measure of Damages

Rule 54(c) of the Federal Rules of Civil Procedure provides that a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Because the defendants did not file a responsive pleading and are in default, they admit the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6).

### Count I

As set forth in the complaint, EBS failed to submit remittance reports and contributions to the plaintiffs from March 2015 through August 2015. (Compl. ¶ 27). Specifically, 29 U.S.C. § 1132(g)(2) provides that in any action brought to enforce the payment of delinquent contributions in which a judgment in favor of the plan is awarded, the court shall award the plan:

> (A) the unpaid contributions,
>
> (B) interest on the unpaid contributions,
>
> (C) an amount equal to the greater of --
>
>> (i) interest on the unpaid contributions, or
>> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

10

(D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and

(E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2).

In Count I, all plaintiffs allege that EBS has not paid them as required by the Labor Contract. (Compl. ¶ 31). Plaintiffs claim that EBS owes plaintiffs contributions, interest, and liquidated damages under the Labor Contract. (Compl. ¶ 32). Specifically, 29 U.S.C. § 185(a) provides that

suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this Act, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a).

As an initial matter, these plaintiffs have standing to seek relief for breach of contract under the LMRA as third-party beneficiaries of the collective bargaining agreement. *See Bd. of Trustees, Sheet Metal Workers' Nat'l Pension Fund v. DCI Signs & Awnings, Inc.*, No. 1:08cv15 (JCC), 2008 WL 4329294, at *5 (E.D. Va. Sept. 15, 2008) (citing *Bakery and Confectionery Union and Indus. Int'l Pension Fund v. Ralph's Grocery Co.*, 118 F.3d 1018, 1021–22 (4th Cir. 1997)).

In support of their claim for damages under the Labor Contract, the plaintiffs rely upon the declaration of Cari Greene. (Docket no. 12-2).

Under the breach of Labor Contract claim, EBS owes the plaintiffs the following amounts:

11

| Plaintiff | Contributions | Interest through 4/11/2016 | Liquidated Damages | Total |
|---|---|---|---|---|
| NPF | $2,794.61 | $205.12 | $558.92 | $3,558.65 |
| NSSP | $1,452.22 | $116.28 | $290.44 | $1,858.94 |
| ITI | $404.04 | $29.66 | $80.81 | $514.51 |
| NEMIC | $101.01 | $7.39 | $20.20 | $128.60 |
| SMOHIT | $67.34 | $4.95 | $13.47 | $85.76 |
| SMWIASF | $33.67 | $2.47 | $6.74 | $42.88 |
| SASMI | $4,242.42 | $311.41 | $848.49 | $5,402.32 |
| Total | $9,095.31 | $677.28 | $1,819.07 | $11,591.66 |

These amounts include unpaid contributions for the months of March 2015 through August 2015; interest at a rate of 8.5% per annum from the date the payment was due through April 11, 2016 pursuant to the Labor Contract; and liquidated damages on the contributions unpaid at the commencement of litigation calculated at a rate of 20%.

The plaintiffs submitted a declaration from Diana Bardes detailing the attorney's fees and costs incurred in this action. (Docket no. 12-1) ("Bardes Decl."). The total amount requested for attorney's fees is $9,672.00, comprised of 34 hours of attorney time and 1.8 hours of paralegal time. (Bardes Decl. ¶ 5). The amount of costs requested is $1,051.50, which is comprised of $400.00 for the filing fee, $560.00 for service fees, and $246.00 in messenger fees. (Bardes Decl. ¶ 6). The hourly rates charged for the attorney time were $325.00 for partners and $275.00 for associates and the hourly rate for the paralegal was $165.00. (Bardes Decl. ¶ 5). The undersigned magistrate judge has reviewed the declaration of Ms. Bardes and

recommends a finding that the hourly rates charged and the costs incurred by the plaintiffs are reasonable.[3] The undersigned has reviewed the various time entries supporting the claim for $9,672.00 in fees and $1,051.50 in costs and recommends that a reduction in those amounts be taken to reflect the settlement with defendant Vann and the recognition that these fees are higher than those typically sought by counsel in cases of this nature seeking past-due contributions in these amounts. A review of the time entries reveals that a minimum of 2.6 hours of associate time was billed relating directly to communications with defendant Vann. Given that defendant Vann has resolved his claim with the plaintiffs (which should have included any award of fees and costs relating to his claim), it is appropriate to deduct $715.00 from the attorney's fees request (2.6 x $275.00) and to reduce the costs by $123.00 for the lowest of the three process fees incurred. While the remaining time entries are slightly higher than usually seen in these cases, this matter does include a new plaintiff (NSSP) asserting a new claim for breach of fiduciary duty. Taking that into consideration, the undersigned recommends that a total reduction of $838.00 ($715.00 in fees and $123.00 in costs) in the amounts requested is appropriate.

For these reasons, the undersigned recommends that a default judgment be entered in favor of the plaintiffs against EBS on Count I of the complaint for breach of contract in the total

---

[3] The Bardes declaration does not comply fully with the standards set forth in *Grissom v. The Mills Corp.*, 549 F.3d 313, 320–23 (4th Cir. 2008), *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 (4th Cir. 1978), and *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990) for establishing a reasonable hourly rate. The only support provided is the statement of Ms. Bardes in her declaration that the rates are consistent with prevailing market rates of counsel and paralegals in the Eastern District of Virginia of similar skill for ERISA cases. However, since the defendants have not contested the hourly rates in this case, the court will accept the allegations set forth by the plaintiffs concerning the reasonableness of those rates. The hourly rates and costs requested are consistent with the rates and costs incurred in similar cases and awarded by this court.

amount of $21,477.16, including $11,591.66 for delinquent contributions, interest, and liquidated damages, $8,957.00 in attorney's fees, and $928.50 in costs.

### Count III

As set forth in the amended complaint and the motion for default judgment, Atz owns a 50% stake in EBS and he has discretionary control over the assets held by EBS. EBS is alleged to have withheld employee contributions from employee wages and not remitted those contributions to NSSP in a timely manner. NSSP claims that if those contributions are not remitted in a timely manner, they become assets of NSSP. Accordingly, since Atz has discretionary control of those assets of NSSP, he has failed to discharge his duties to NSSP and is personally liable for the breaches of his duties to NSSP. Atz was given an opportunity to appear and contest the factual basis for this claim and assert any legal defenses that he may have, but he has failed to do so. Given that Atz is in default, the undersigned recommends that a default judgment be entered against Atz in favor of NSSP in the amount of $1,858.94, which includes $1,452.22 in unpaid employee contributions, $116.28 in interest, and $290.44 in liquidated damages.

### Conclusion

For the reasons stated above, the undersigned recommends that a judgment be entered in favor of the plaintiffs the Board of Trustees of the Sheet Metal Workers' National Pension Fund, the Board of Trustees of the Sheet Metal Workers' National Supplemental Savings Plan, the Board of Trustees of the International Training Institute for the Sheet Metal and Air Conditioning Industry, the Board of Trustees for the National Energy Management Institute Committee, the Board of Trustees of the Sheet Metal Occupational Health Institute Trust, the Board of Trustees of the Sheet Metal Workers' International Association Scholarship Fund, and

14

the Board of Trustees of the National Stabilization Agreement of the Sheet Metal Industry Trust Fund against defendant Efficient Building Services, LLC in the total amount of amount of **$21,477.16**, including $11,591.66 for delinquent contributions, interest, and liquidated damages, $8,957.00 in attorney's fees, and $928.50 in costs.  The undersigned also recommends that a judgment be entered in favor of the Board of Trustees of the Sheet Metal Workers' National Supplemental Savings Plan against Gary Atz in the amount of **$1,858.94,** which includes $1,452.22 in unpaid employee contributions, $116.28 in interest, and $290.44 in liquidated damages.

<u>Notice</u>

By means of the court's electronic filing system and by mailing a copy of the proposed findings of fact and recommendations to Efficient Building Services, LLC, 3345 Lake Shore Drive, Cumming, GA 30041 and Gary Atz, 3345 Lake Shore Drive, Cumming, GA 30041, the parties are notified that objections to the proposed findings of fact and recommendations must be filed within fourteen (14) days of service of the proposed findings of fact and recommendations and a failure to file timely objections waives appellate review of the substance of the proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on the proposed findings of fact and recommendations.

ENTERED this 20th day of May, 2016.

                                    /s/
                            John F. Anderson
                            United States Magistrate Judge
                            _____
                              John F. Anderson
                              United States Magistrate Judge

Alexandria, Virginia